UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACY A. LINDER,

                              Plaintiff,

       v.                                                      7:12-CV-00581

LOUIS C. DELLES and
KEITHA M. DELLES,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff Tracy Linder commenced the instant action against Defendants Louis Delles and Keitha Delles, asserting claims of Monies Had and Received, Unjust Enrichment, and Conversion, arising from their receipt of certain federal benefits upon the death of their daughter, Barbara White. Presently before the Court is Plaintiff's Motion for a Temporary Restraining Order under Fed. R. Civ. Pro. 65(b), seeking to enjoin Defendants from spending or transacting with the monies received from White's federal benefits.

**I.    FACTS**

       White, a former U.S. government employee, was entitled to various federal benefits and payments distributed upon her death. White's will designated Plaintiff as her primary beneficiary, including her residuary estate. It is claimed that White wanted Plaintiff to receive her federal benefits, and in furtherance of this goal, Defendants submitted affidavits in

connection with the probate proceedings in Oregon, disclaiming any potential legal rights to White's estate. Plaintiff, however, was ineligible to receive these federal benefits because no documentation could be found in which White expressly designated Plaintiff as her beneficiary. As White's default beneficiaries, Defendants applied for and received the federal benefits. Plaintiff initiated this action to recover the monies Defendants received. Presently before the Court is Plaintiff's Motion for a Temporary Restraining Order under Fed. R. Civ. Pro. 65(b), seeking to enjoin Defendants from spending or otherwise transacting with White's federal benefits.

## II.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. Pro. 65(b), courts may issue a temporary restraining order only where a moving party demonstrates, with a "clear showing": (1) "irreparable harm in the absence of the injunction and (2) either (a) the likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation" and that the balance of hardships decidedly favors the movant. Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510-511 (2d Cir. 2005); NXIVM Corp. v. Ross Institute, 364 F.3d 471, 476 (2d Cir. 2004).

## III.   DISCUSSION

Establishing irreparable harm requires the moving party to demonstrate that "absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent." Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005). Irreparable harm occurs where the "certainty and imminence" of the injury "cannot be remedied if a court waits until the end of trial to resolve [it]," and one of which no "monetary award" adequately compensates. Wisdom Import Sales Co. v. Labatt Brewing

Co., 339 F.3d 101, 113-114 (2d Cir. 2003); Freedom Holdings, Inc., 408 F.3d at 114. Failure to establish "irreparable harm is alone sufficient for a court to deny injunctive relief" to the moving party. Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990).

In the instant action, Plaintiff fails to clearly demonstrate that she will incur irreparable harm absent a temporary restraining order imposed on Defendants. Although Plaintiff asserts she has knowledge and information regarding Defendants' previous expenditures and future plans to spend the money received from White's federal benefits, Defendants' verified answer confirms that all amounts received from such distributions are being held in a trust account with their counsel's law firm pending the disposition of this action. Because Defendants retain no access to the amounts during this litigation, any harm Plaintiff may sustain from their spending this money is remote and speculative in nature.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a temporary restraining order (Dkt. No. 5) is denied.

IT IS SO ORDERED.

Dated: May 22, 2012

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge