UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACY LINDER,

                               Plaintiff,

    v.                                               7:12-cv-581

LOUIS C. DELLES and
KEITHA M. DELLES,

                               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Tracy Linder commenced the instant action seeking to determine the validity of certain disclaimers executed by Defendants Louis and Keitha Delles concerning the estate of their deceased daughter and certain federal benefits to which their daughter was entitled. Presently before the Court is Plaintiff's motion and Defendants' cross-motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**I.    FACTS**

        Defendants Louis and Keitha Delles are the parents of Barbara White, who died on June 14, 2011. At the time of her death, White was employed as a Contracting Specialist for the United States Army Corps of Engineers. As such, White was entitled to certain benefits and payments upon her death, including: (a) a life insurance policy; (b) the account balance in her Thrift Savings Plan; (c) her accumulated Federal Employee Retirement System

contributions and earnings; and (d) her last pay check and payment for accrued but unused leave.

White left a Last Will and Testament naming Plaintiff Tracy Linder as her personal representative and beneficiary of the residuary estate. Except for a single small gift, White devised her entire estate to Plaintiff. There has been no challenge to the will.

Shortly after White's death, Defendants received a letter from the Army dated June 23, 2011. The letter included various information and forms to be completed for White's benefits to be paid out to the proper beneficiary. White's sister, Christine Hoffman, sent copies of these forms to the attorney for White's estate, James McVittie. McVittie apparently contacted the federal Office of Personnel Management ("OPM") and learned that the death benefit forms were sent to Defendants because OPM did not have a beneficiary designation form in White's personnel file. It is claimed that, upon McVittie's inquiry, OPM advised that it would accept a disclaimer or waiver of the benefits from Defendants.

McVittie prepared Affidavits of Disclaimer and, by letter dated July 6, 2011, sent them to Defendants. In the cover letter, McVittie advised Defendants that, by signing the Affidavits of Disclaimer, they would be giving up any legal right they may have had to any portion of White's estate or government benefits. McVittie's letter further explained that, if Defendants signed the Affidavits of Disclaimer, any portions of White's estate or benefits to which they would have been entitled would pass to the estate and be administered under the terms of the will. After being assured by McVittie that signing the Affidavits of Disclaimer would not cause any negative tax consequences, on July 11, 2011 Defendants executed the Affidavits of Disclaimer, which they understood to be irrevocable. These Affidavits were filed

in the State of Oregon probate proceeding. McVittie also prepared applications for the federal benefits and included copies of the Affidavits of Disclaimer with those applications.

The federal agencies refused to honor the Affidavits of Disclaimer and advised that Defendants could disclaim the benefits only through use of specific forms and procedures. McVittie prepared the necessary forms and sent them to Defendants. Defendants did not submit the applications prepared by McVittie, but, instead, submitted their own application. Defendants' application did not seek to disclaim the benefits, but to obtain them for themselves. Plaintiff then commenced the instant action seeking to obtain White's federal benefits. To date, Defendants have received some of the benefits, which are being held by their attorney.

In response to Plaintiff's lawsuit, Defendants claim that they signed the Affidavits of Disclaimer upon their understanding that Plaintiff would become personally liable on the debt on the real property owned by Plaintiff and White. According to Defendants, they believed that Plaintiff was unable to afford the mortgage payments and that the White estate would have sufficient assets to satisfy the mortgage only if they disclaimed the federal benefits. Defendants claim that, after signing the Affidavits of Disclaimer, they learned that Plaintiff was not an owner of the house she shared with White and not an obligor on the promissory note. Defendants contend that they would not have signed the Affidavits of Disclaimer had they known Plaintiff was not an owner of the real estate or an obligor on the promissory note.

Presently before the Court is Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment.

## II.   STANDARD OF REVIEW

The parties move for summary judgment pursuant to Rule 56.  It is well settled that, on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motions.

**III.      DISCUSSION**

      **a.      Whether Federal Administrative Procedures Concerning the Distribution of Benefits Precludes Plaintiff's Claims**

Plaintiff first contends that, although the federal agencies are permitted (or required) under law to distribute the benefits in accordance with their procedures (including making payments to the designated beneficiary), that does not preclude a claim by Plaintiff against Defendants seeking the monies after the benefits have been distributed. In support of this argument, Plaintiff cites to Kennedy v. Plan Administrators fo DuPont Savings & Investment Plan, 555 U.S. 285 (2009), wherein the Supreme Court held that ERISA plan administrators must distribute benefits in accordance with the plan documents.[1] The Kennedy Court expressly left open the issue of whether an action may be had to obtain the benefits after they were distributed by the plan administrator. Id. at 299. Plaintiff also cites to cases that have been decided since Kennedy that have permitted actions to recover benefits that have already been distributed. See, e.g., Estate of Kensinger v. URL Pharma, Inc., 674 F.3d 131 (3rd Cir. 2012) (and cases cited therein). In response, Defendants argue that ERISA is inapplicable to this case and the waivers they executed are unenforceable.

      For the reasons stated by the Third Circuit in Estate of Kensinger, this Court agrees that the federal agencies properly paid the benefits to Defendants in accordance with the applicable regulations and designation of beneficiary forms, but that once the benefits were paid to Defendants there is nothing prohibiting Plaintiff from maintaining an action seeking to enforce Defendants' waiver of those benefits. While the federal agencies were not required to honor the waiver with respect to the manner in which they distributed the benefits, the

---

[1] The instant matter does not implicate ERISA.

federal administrative procedures do not implicate the validity of any waivers as between Plaintiff and Defendants. That this case does not involve ERISA is irrelevant to the underlying issue of whether Plaintiff may maintain an action against the recipient of the benefits to enforce a waiver. The Court, therefore, finds nothing precluding Plaintiff from maintaining this action. See Andochick v. Byrd, 2012 WL 1656311 (E.D. Va. 2012).

### b.     Whether the Waivers Are Valid Under Oregon and/or New York Law

Plaintiff next asserts that the waivers executed by Defendants are valid and binding under the law of the States of Oregon (where the estate was probated) and New York (where Defendants reside). Defendants respond that the waivers do not meet the requirements of Oregon's Uniform Disclaimer of Property Interests Act because they are limited only to interests passing under Oregon Chapter 112 (rather than those passing under federal law), they fail to adequately describe the interest disclaimed, and, as to Keitha Delles, fail to disclaim any interest in the federal benefits.

The parties agree that this matter is governed by Oregon law. Under Or. Rev. Stat. § 105.629(1), "[a] person may disclaim, in whole or in part, any interest in property . . . ." The statute provides that:

> [t]o be effective, a disclaimer must:
>
> (a) Be in writing or otherwise recorded by inscription on a tangible medium or by storage in an electronic or other medium in a manner that allows the disclaimer to be retrieved in perceivable form;
>
> (b) Declare that the person disclaims the interest in the property or in the power;
>
> (c) Describe the interest in property or power over property that is disclaimed;
>
> (d) Be signed by the person making the disclaimer; and
>
> (e) Be delivered or filed in the manner provided in ORS 105.642.

Or. Rev. Stat. Ann. § 105.629(3) (West).

Defendants first claim that the statute was not satisfied with respect to the federal benefits because the Affidavits of Disclaimer were limited to any interest that passed pursuant to Oregon Laws Chapter 112; not interests that passed pursuant to federal law. The affidavit of Defendant Keitha Delles states, in relevant part, that:

> I understand that under Oregon Laws Chapter 112 as the parent of a predeceased child, I may be entitled to a portion of decedent's estate and government benefits as a result of my child being a federal employee. I wish to give up all legal right to and disclaim that interest. . . . Pursuant to ORS 105.529(1), I hereby disclaim any and all right, title and interest in or to decedent's estate or any portion thereof.

Compl. at Ex. B.

The affidavit of Defendant Louis Delles is similar, but slightly different. It reads, in pertinent part, as follows:

> I understand that under Oregon Laws Chapter 112 as the parent of a predeceased child, I may be entitled to a portion of decedent's estate and government benefits as a result of my child being a federal employee. I wish to give up all legal right to and disclaim that interest. . . . Pursuant to ORS 105.529(1), I hereby disclaim any and all right, title and interest in or to decedent's estate or any portion thereof *and any government benefits*.

Id.[2]

The first requirement, that it be in writing, is plainly satisfied as to both Louis and Keitha Delles. The second element, requiring that the signatory declare that he or she disclaims the interest in the property, similarly is satisfied as to both Defendants. Defendants argue that the third element is not satisfied because the affidavit is limited to those portions of White's estate and government benefits that may pass "under Oregon Laws Chapter 112."

---

[2] The language in the affidavit of Louis Delles that differs from that in the affidavit of Keitha Delles appears in italics.

Defendants contend that the benefits at issue here passed under federal law and not under Oregon Laws Chapter 112.

The Court finds that Defendants' analysis does not comport with the overall intent and purpose of the Affidavits. With respect to Defendant Louis Delles, the Court finds that the third element is satisfied because his affidavit clearly disclaims any and all right, title and interest in White's estate "or any portion thereof and any government benefits." This is sufficiently clear to evince an intention to disclaim any portion of the government benefits; not just those passing under Oregon law.

The Court will now turn to the affidavit of Keitha Delles. Paragraph 2 of Keitha Delles's affidavit reads as follows:

> I understand that under Oregon Laws Chapter 112 as the parent of a predeceased child, I may be entitled to a portion of decedent's estate and government benefits as a result of my child being a federal employee. I wish to give up all legal right to and disclaim that interest.

Although this language could be read to be limited to assets that pass pursuant to Oregon Laws Chapter 112 (that is, via will), it also can be read to refer to government benefits to which she might be entitled as a result of White being a federal employee. Construing this language to apply only to assets that pass under Oregon law is overly narrow and does not comport with the intent of the affidavit. Similarly, although the words "and any government benefits" are omitted from paragraph 4 of the affidavit of Keitha Delles, the Court finds that the overall intent of the Affidavit was to disclaim her interest in all benefits, including the government benefits. Significantly, nowhere in their affidavits in opposition to Plaintiff's motion do Defendants state that it was not their intention to disclaim the federal benefits and that they only intended to disclaim any benefits that may have passed pursuant to Oregon

law. The undisputed facts before the Court do not support a conclusion that Defendants believed that they were only disclaiming assets that passed under Oregon law. Accordingly, the Court finds that the waivers are valid under Oregon law.[3]

### c. **Whether the Disclaimers Were Induced by Material Misrepresentations of Fact**

Defendants next contend that the disclaimers are voidable because they signed them based on material misrepresentations of fact; namely, that White and Plaintiff jointly owned the real property located at 33234 SW Maple, Street, Scappoose, Oregon; that Plaintiff would remain liable for the mortgage payments; that there were insufficient assets in White's estate to satisfy the mortgage; and that making the mortgage payments would be a financial hardship to Plaintiff. According to Defendants, they executed the disclaimers solely because they wanted to ensure that there were sufficient assets to cover the mortgage and avoid burdening Plaintiff with debts that she would not be able to satisfy. The basis of these claimed misrepresentations is information Defendants received from their daughter, Christine Hoffman, who is purported to have been relaying information from Plaintiff.

It is uncontroverted that Defendants did not speak directly with Plaintiff concerning ownership of the real property or her liability on the mortgage note or other of White's debts before executing the disclaimers. There is insufficient evidence that Plaintiff made any representations at all to Defendants concerning her finances, the financial status of White's estate, the ownership of and/or liability on the real property, or her liability on any of White's debts. There similarly is insufficient evidence, admissible in form, that Plaintiff made any

---

[3] The waivers also are valid under New York law, which requires that they be explicit, voluntary, and made in good faith. Silber v. Silber, 99 N.Y.2d 395, 404 (2003).

false representations to Christine Hoffman or that she made representations to Christine Hoffman intending that she would relay that information to Defendants. Moreover, there is no evidence that the estate attorney made any representation that Plaintiff would be responsible for any of White's debts, including the mortgage. Accordingly, the Court rejects Defendants' claim that the disclaimers are voidable because they signed them based on material misrepresentations of fact.

### d. **Whether the Disclaimers Were Supported by Consideration**

Defendants next argue that the disclaimers are void because there was a lack of consideration. Defendants' argument in this regard is based on the contention that this matter is governed by contract law. The Court agrees with Plaintiff that this matter is not governed by contract law, but by statute. There was no contract between Defendants and anyone else. Rather, Defendants simply took advantage of a statutory option to disclaim interest in their daughter's estate. If a person complies with the requirements of Or. Rev. Stat. § 105.624, then that provision is effective notwithstanding the absence of consideration.

### e. **Standing**

Defendants final contention is that Plaintiff does not have standing to bring this claim in her personal capacity (rather than as personal representative of the estate). Plaintiff concedes that an action to recover property of the estate must be brought by an individual in her capacity as personal representative of the estate and states that she "will promptly file a motion to amend her complaint to bring this action in her capacity as the Personal Representative." Based on this representation, the Court denies the motion to dismiss on this ground, subject to Plaintiff filing the amended complaint within ten days of the date of this Decision and Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED and Defendants' cross-motion for summary judgment is DENIED. Upon Plaintiff's filing of an amended complaint bringing this action in her capacity as personal representative of the estate of Barbara White, Plaintiff shall be entitled to a judgment declaring that Defendants Louis C. Delles and Keitha M. Delles have waived all right, title, and interest to the federal benefits identified in the complaint and that Defendants shall provide to Plaintiff an accounting of all federal benefits they have received or will receive. The Court DENIES Plaintiff's request that it award damages in the amount of any benefits Defendants have received to date because she has failed to demonstrate on the current motion that those monies are property of the estate.

IT IS SO ORDERED.

Dated: August 7, 2012

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge